**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
123 N. Kings Road #6
Los Angeles, California 90048
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
S. Ryan Patterson (SBN 279474)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RAUL TORRES, an individual;<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota corporation; TARGET BRANDS, INC., a Minnesota corporation; and DOES 1-10 inclusive.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Raul Torres ("Torres" or "Plaintiff") hereby complains against Defendants Target Corporation, and Target Brands, Inc. (collectively, "Target"); and Does 1-10 inclusive (collectively referred to as "Defendants") as follows.

**JURISDICTION AND VENUE**

1. Plaintiff brings this action for copyright infringement (17 U.S.C. Section 101 et seq.); violation of Section 43(a) of Lanham Act (15 U.S.C. Section 1125(a)); and related claims under California law.

2. This Court has original subject matter jurisdiction over this action and

the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a)("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

3. Defendants are subject to the personal jurisdiction of the Court because they do or transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district.

4. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District in that, *inter alia*, the infringing advertising was used here.

## THE PARTIES

5. Plaintiff Raul Torres is a renowned artist, producing works under the pseudonym "HEKTAD."

6. Defendant Target Corporation is a Minnesota corporation authorized to do business, and doing business, in Los Angeles County.

7. Defendant Target Brands, Inc. is a Minnesota corporation. On information and belief, Target Brands, Inc. participated in the creation of the infringing apparel.

8. Plaintiff is ignorant of the true names and capacities of the Defendants

sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

9. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein.

# GENERAL ALLEGATIONS

10. Plaintiff is a highly acclaimed contemporary artist, well known in the art world by his pseudonym "Hektad." Plaintiff is considered a street-art pioneer, and is well known for his dazzling large-scale outdoor paintings of hearts, made up of multi-colored circles and smaller hearts—a series that Plaintiff cheekily refers to as "Love Drunk."

  

11. In 2016, Torres created an original piece in his "Love Drunk" series titled "Love Is Power," (the "Work," shown below, left) on canvas, complete with his signature "HEKTAD" in the lower right hand corner. This fine art piece was placed up for auction on the art auction site Paddle 8.

 

12. Without Plaintiff's knowledge, authorization, or consent, Defendants created and began selling apparel bearing a copy of the Work. Defendants' infringing apparel (the "Apparel," shown above, right) features the same signature elements of Plaintiff's "Love Drunk" series of artwork.

13. Defendants have attempted to conceal their wrongful copying by removing Plaintiff's "HEKTAD" signature from the Apparel.

14. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished, diminishing the value of Plaintiff's works, and decreasing revenue from the sale of his work.

15. Plaintiff is informed and believe, and thereon allege, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of Plaintiff's legal rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

16. Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

17. Defendants infringed as described above, and used copies of Plaintiff's pseudonym and signature, in interstate commerce.

**First Claim For Relief For Copyright Infringement**

**(Against All Defendants)**

18. Plaintiff incorporates herein by this reference paragraphs 1 through 33 as if set forth in full in this cause of action.

19. Plaintiff's graphic expression, as shown in the image above, is an original work of authorship and constitutes copyrightable subject matter under the laws of the United States. The image was fixed in a tangible medium of expression, as described above. An application for a federal registration of the artwork has been filed with the Register of Copyrights, dated March 29, 2017; and the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form. The case number associated with the application is 1-4744048941.

20. At all times since the creation of the graphic expression, Plaintiff has complied with all aspects of the Copyright Acts of 1909 and 1976 and all other laws governing copyright, and secured the exclusive rights and privileges in and to the graphic expression. Plaintiff is the sole owner of all rights, title, and interest in and to the copyright in the graphic expression.

21. Subsequent to Plaintiff's creation of the graphic expression and (on information and belief) with full knowledge of the rights of Plaintiff, Defendants infringed Plaintiff's copyright by copying and reproducing the artwork on apparel, as described above.

22. All of Defendants' acts were performed without the permission, license or consent of Plaintiff.

23. By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiffs has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, in part as described above, all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court.

24. By reason of their infringement of Plaintiff's copyright as alleged herein, Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff

as a result of the infringement, and for any profits of Defendants directly or indirectly attributable to such infringement.

25. Defendants' copying was willful, as alleged above.

**Second Claim For Relief For Falsification, Removal and Alteration of Copyright Management Information in Violation of 17 U.S.C. § 1202**

**(Against All Defendants)**

26. Plaintiff incorporates herein by this reference paragraphs 1 through 25 as if set forth in full in this cause of action.

27. The Work contained copyright management information protected under 17 U.S.C. § 1202(b), including Plaintiff's signature, and other source identifying elements.

28. Defendants intentionally removed and/or altered the copyright management information contained in the Work with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

29. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

30. Defendants' falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

31. Defendants' falsification of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Work. Defendants also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Work.

32. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendants. Plaintiff is at present unable to ascertain

the full extent of the monetary damages Plaintiff has suffered by reason of said acts. In order to determine the full extent of such damages, including such profits of Defendants as may be recoverable under 17 U.S.C. § 1203, Plaintiff will require an accounting from each Defendant of all monies generated from their wrongful falsification, removal and alteration of copyright management information.

33. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

**Third Claim for Relief for Unfair Competition Under Section 43(a) of The Lanham Act (15 U.S.C. § 1125(a))**

**(Against All Defendants)**

34. Plaintiff incorporates herein by this reference paragraphs 1 through 55 as if set forth in full in this cause of action.

35. The Work contains signature elements of Plaintiff's artwork. Art world consumers and insiders, as well as the art press, have come to recognize Plaintiff's signature elements as being associated with Plaintiff.

36. Included within the "signature elements" are the literal signature of Plaintiff—a/k/a HEKTAD—as well as Plaintiff's signature imagery (namely an array of multi-colored circles and hearts, forming a larger heart shape). Plaintiff has spent substantial resources successfully establishing his work and name in the minds of consumers as a high quality product.

37. The goodwill and reputation associated with the "signature elements" of Plaintiff's work has continuously grown throughout the general public, and are now well known throughout the United States and the State of California as a source of origin for Plaintiff's artistic product.

38. The "signature elements" of Plaintiff's work are strong, fanciful, non-functional, and distinctive; and inherently distinctive. Through Plaintiff's efforts in

exhibiting his work, these "signature elements" have become distinctive of his artwork, and have acquired secondary meaning among relevant consumers and the public generally.

39. As alleged above, Defendants misappropriated the "signature elements" of Plaintiff's work by reproducing and selling unauthorized copies of the Work, and derivative works. Defendants' actions were designed to create, and do create the false and deceptive commercial impression that Defendants' products are associated with Plaintiff.

40. The use by Defendants of Plaintiff's work, or any element thereof is likely to cause confusion or mistake or deception of purchasers as to the source of the goods.

41. Customers and potential purchasers are likely to be attracted to Defendants' products, believing there to be association with Plaintiff, thereby resulting in consumer confusion. Defendants' conduct will damage Plaintiff's ability to enjoy, maintain and exploit his hard-won brand-recognition and status as a street art leader.

42. Although he maintains the highest standards of quality, Plaintiff has no control over the type or quality of the goods provided by Defendants. Goods of low quality, if associated with Plaintiff, damage his reputation. Further, such loss of goodwill with respect to customers and retailers will cause decreased revenues and decreased profits for Plaintiff.

43. In addition, Defendants' unauthorized use harms the distinctiveness of Plaintiff's Work, and the "signature elements" thereof, by associating it with mass-market apparel that is produced overseas, and sold at a discount retailer; thereby diminishing its ability to connote a single source of Plaintiff's artwork.

44. By Defendants' unlicensed, unconsented to, and otherwise unauthorized use of the graphical, thematic, and other signature source-identifying

elements of Plaintiff's work, Defendants have wrongfully appropriated for themselves business and goodwill value that properly belongs to Plaintiff, and that Plaintiff has invested time, money, and energy in developing.

45. Defendants have intentionally traded, infringed upon, and diluted the value of Plaintiff's work, and the "signature elements" thereof, in general; and misrepresented and created confusion regarding Plaintiff's association with Defendants.

46. By virtue of Defendants' acts hereinabove described, Defendants have committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, inter alia, 15 U.S.C. § 1125(a).

47. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to his business in the form of diversion of trade, loss of profits, and a dilution in the value of his rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

48. Defendants' acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, and to the goodwill associated with the valuable and well-known "signature elements" of Plaintiff's work, and Plaintiff's business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

49. Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully continue the conduct herein described.

50. In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's

rights. Plaintiff is therefore entitled to punitive damages.

## Fourth Claim for Relief for Unfair Competition Under
## California Business and Professions Code §§ 17200 et seq.
### (Against All Defendants)

51. Plaintiff incorporates herein by this reference paragraphs 1 through 50 as if set forth in full in this cause of action.

52. Defendants, by means of the conduct above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 et seq. These acts and practices undertaken by Defendants violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of Defendants' goods and Defendants' association with Plaintiff and (b) the general public and trade is likely to be confused regarding the business relationship between Plaintiff and Defendants. Further, without limiting the generality of the foregoing, the harm to Plaintiff and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200.

53. Plaintiff has sustained, and will continue to sustain, serious and irreparable injury to their businesses and reputations, as a direct and proximate result of Defendants' conduct (as described above). Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to a

preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

54. As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and Plaintiff is entitled to disgorgement of such funds wrongfully obtained.

55. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's business in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

56. Plaintiff is also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

57. In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's rights. Plaintiffs are therefore entitled to punitive damages.

58. Defendants' conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to Plaintiff's valuable business relationships and consumer relations and will require Plaintiff to undertake efforts to mitigate damage to such relations, all to Plaintiff's detriment. Further, such mitigation costs will require substantial time, effort, and expenditures by Plaintiff, all to Plaintiff's detriment.

**Fifth Claim for Relief for Unfair Competition Under**

**California Common Law**

**(Against All Defendants**)

59. Plaintiff incorporates herein by this reference paragraphs 1 through 81 as if set forth in full in this cause of action.

60. The above-described conduct of Defendants constitutes unfair competition under the common law of the State of California.

61. As a result of the actions of Defendants, Plaintiff has been damaged in an amount to be proven at trial.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2. That Plaintiff is awarded his costs, attorneys' fees and expenses in this action;

3. That Plaintiff is awarded pre-judgment interest;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5. That Defendants be ordered to immediately recall and remove any and all infringing advertisements from any and all remaining locations, physical or digital;

6. That Defendants be ordered to file with this Court and serve upon Plaintiffs' counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in

which they have complied with the judgment;

7. That Defendants be adjudged to have engaged in unlawful, unfair and/or fraudulent business practices and unfair competition in violation of California Business and Profession Code §§ 17200 et seq.;

8. For disgorgement of all proceeds, and restitution of the moneys wrongfully received by Defendants as the result of their wrongful conduct, including copyright and trademark infringement, and unfair competition;

9. For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

10. For further relief, as the Court may deem appropriate.

DATED: 5/30/2017                    GLUCK LAW FIRM P.C.


By:    /s/
       Jeffrey S. Gluck
       Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on their claims on all issues triable by a jury.

DATED: 5/30/2017      GLUCK LAW FIRM P.C.

By:    /s/
Jeffrey S. Gluck
Attorneys for Plaintiffs

COMPLAINT